UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER REDIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUMBOLDT COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-00776 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, who appears to be a pretrial detainee currently confined at the Humboldt County Correctional Facility, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against various Defendants in Humboldt County.[1]  Dkt. No. 1 at 4. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on March 9, 2022, after Plaintiff did not file consent to magistrate judge jurisdiction in the time provided.  Dkt. Nos. 4, 5, 6.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff names the following as defendants in this action: (1) St. Joseph's Hospital in Eureka, California; (2) Eureka Police Department; (3) Officer Leonard La France; (4) Humboldt County District Attorney's Office; (5) Maggie Fleming (D.A.); (6) Capt. Christian of the Humboldt County Jail; and (7) Arcata Police Department. Dkt. No. 1 at 2.

In the complaint's "statement of claim," Plaintiff asserts that the Humboldt County District Attorney's office has engaged in misconduct, including "cover-ups, over-charging, malicious abuse of process, faulty investigations and pre-trial tactics, and illegitimate extraditions." *Id.* Plaintiff refers to a withdrawn plea in 2017, and new charges being filed in 2020. *Id.* at 3. Plaintiff also claims that the Eureka Police Department made two warrantless arrests, and that the Arcata Police Department made a false arrest and were negligent in 2019. *Id.* Plaintiff claims that St. Joseph's Hospital falsely reported a fracture as bruise. *Id.* Lastly, Plaintiff claims that he was harassed while in custody, including unreasonable strip search and interference with legal counsel visitation. *Id.* As relief, Plaintiff seeks "federal oversight on current charges/matters, review of my commitments, cases, conditions of custody as well as malicious prosecution tactics employed against me for several years; expunged record restoring my citizen (and employment) status, compensation for actual [and] punitive damages by each entity." *Id.* Based on these

allegations, it appears that there may be ongoing state criminal proceedings against Plaintiff.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). All three elements must be present. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

There is insufficient information in the complaint for the Court to determine whether Plaintiff is a pretrial detainee with criminal proceedings pending against him or a convicted felon serving a sentence. If the former, *Younger* abstention may apply. Plaintiff shall be granted leave to amend to allege sufficient facts for the Court to make this determination. He is advised that if there are ongoing criminal proceedings against him, he must show that extraordinary circumstances warrant federal intervention to overcome *Younger* abstention.

On the other hand, if Plaintiff has been convicted and is challenging the constitutionality of his conviction and sentence, a § 1983 action is not the appropriate avenue for such a challenge. The constitutionality of state civil commitment proceedings

3

may be challenged in federal habeas corpus once state remedies have been exhausted. *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965). Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, if Plaintiff is seeking to challenge his state conviction and sentence, this action should be dismissed without prejudice to his refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. He must make his status clear in an amended complaint.

Furthermore, if Plaintiff is seeking damages for the wrongful conviction, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Accordingly, Plaintiff must first succeed in a habeas action before he can pursue a § 1983 action for damages for the unlawful conviction.

Lastly, Plaintiff claims that while in custody, he was subjected to an unreasonable strip search. *See supra* at 2. This allegation implicates his right to bodily privacy. However, there are insufficient allegations to determine whether he has a cognizable claim. For example, he does not describe when and where the search took place, who conducted the search, and why it was unreasonable. Furthermore, it does not appear that this claim regarding conditions of confinement is related to Plaintiff's challenges to his criminal trial proceedings. If Plaintiff wishes to pursue this unlawful search claim, he must do so by either filing it in a new action or amending the claim in this action and foregoing all the claims related to his criminal trial proceedings.

In an amended complaint, Plaintiff may attempt to state sufficient facts to support a § 1983 claim for the unlawful strip search with the following principles in mind. The Fourth Amendment applies to the invasion of bodily privacy in prisons. *Bull v. San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc); *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). The Fourteenth Amendment applies to a pretrial detainee's right to bodily privacy. *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) ("*Byrd II*"). Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979). More specifically, every detainee, regardless of the type or seriousness of the offense, who will be admitted to the general population of any prison or detention facility may be required to undergo a close visual inspection while undressed because "[c]orrectional officers have a legitimate interest, indeed a responsibility, to ensure that [facilities] are not made less secure by reason of what new detainees may carry in on their bodies," including contraband and contagious infections. *See Florence v. Board of Chosen Freeholders of the County of Burlington, et al.*, 566 U.S. 318, 321, 330-334 (2012) (holding that county's search procedures did not violate the Fourth and Fourteenth Amendments because there was a reasonable balance between inmate privacy and the needs of the institution, and rejecting petitioner's proposal – that new detainees not arrested for serious crimes or for offenses involving weapons or drugs be exempt from invasive searches unless they give officers a particular reason to suspect them of hiding contraband – as unworkable). Plaintiff must also identify the state actor(s) who conducted the search to satisfy the second element for a § 1983 claim. *See West v. Atkins*, 487 U.S. at 48.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.    The complaint is **DISMISSED with leave to amend**. Within **twenty-eight**

5

**(28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-00776 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. As discussed above, Plaintiff may either amend the complaint to allege sufficient facts to overcome the *Younger* abstention with regard to any ongoing criminal proceedings **or** amend his unlawful strip search claim. He may not pursue both in this action.

3. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action with prejudice for failure to state a claim without further notice to Plaintiff.**

4. The Clerk shall include two copies of the court's form complaints with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __June 29, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dism with LTA
PRO-SE\BLF\CR.22\00776Redin_dwlta

6